OPINION
On April 17, 1998, appellant was cited for Driving Under the Influence of Alcohol and Prohibited Lane Usage. After his motion to suppress was overruled, he entered a plea of no contest, was convicted, and was sentenced. He appealed the judgment of conviction and sentence to this court, and we affirmed on May 7, 1999. Following this court's judgment affirming the judgment of the trial court, the court set imposition of sentence for May 27, 1999. Appellant failed to appear, and a bench warrant was issued. On July 1, 1999, counsel for appellant filed a motion claiming that appellant did not appear at sentencing on May 27, 1999, because he was incarcerated in another county on a six-month felony conviction. The motion included four branches. Appellant sought the court to recall the bench warrant, and vacate the notice of forfeiture of his operator's license. In the alternative, appellant moved the court to impose sentence in absentia, waiving his right to be physically present at sentencing. In the event that request was denied, appellant moved for immediate transfer to the Licking County Justice Center for imposition of sentence. Appellant further moved that any order of incarceration run concurrently with the period of incarceration he is serving at the Belmont Correctional Institution for a case originating from Cuyahoga County Common Pleas Court. The court overruled the motion, and imposed sentence in accordance with the sentencing order of October 12, 1998. Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FILED 07/01/99.
Appellant has not demonstrated the court abused its discretion in failing to cancel the bench warrant or the license forfeiture issued in response to appellant's failure to appear at sentencing. Appellant not only failed to appear, he failed to inform the court of his whereabouts until over a month later. Further, it appears that the court implicitly granted appellant's second request, as the entry imposing the sentence of October 12, 1998, appears to impose the sentence in absentia, as requested by appellant in branch 2. Appellant has not demonstrated that the court erred in failing to run his sentence concurrently with that being served in the Cuyahoga Common Pleas Court case. Appellant made no demonstration to the court that these two sentences should run concurrently. Appellant relies on R.C. 2929.41(A) to support his proposition that the misdemeanor term of incarceration must run concurrently with the felony incarceration. This statute provides that a sentence of imprisonment for a misdemeanor shall be served concurrently with the sentence of imprisonment for a felony served in a state or federal correctional institution. In the instant case, at the time appellant was sentenced in October of 1998, he was not incarcerated on a felony. Therefore, there was no issue of whether the sentences were to be consecutive or concurrent. When this court affirmed the judgment of conviction and sentence, the only duty remaining for the court was to impose the October, 1998 sentence. The judgment attached to appellant's brief, originating from the Cuyahoga County Common Pleas Court, revokes appellant's probation and orders him sentenced to his original term of six months for Assault on a Peace Officer. The only other evidence appellant presented that he was, in fact, serving the sentence at the time was a letter from appellant to appellant's counsel. The court did not err in overruling appellant's motion based on the state of the record before the court. The Assignment of Error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
By: Reader, V.J. Wise, P.J. and Edwards, J. concur.